UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JONATHAN JOSEPH GOOD,

      Petitioner,

                                    Case Number 1:12-CV-10243

v.                                    Honorable Thomas L. Ludington

MARY BERGHUIS,

      Respondent.

_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF
HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Jonathan Joseph Good, presently confined at the Brooks Correctional Facility in

Muskegon Heights, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to

28 U.S.C. § 2254. Petitioner was convicted on his plea of *nolo contendere* in the Livingston County

Circuit Court of two counts of safe breaking, Mich. Comp. Laws § 750.531(B); two counts of

breaking and entering a building with intent, Mich. Comp. Laws § 750.110; and being a fourth

felony habitual offender, Mich. Comp. Laws § 769.12. Petitioner was sentenced to concurrent terms

of six years, eight months to ten years on all four charges. Petitioner alleges that the trial court erred

in denying his motion to suppress evidence seized in violation of the Fourth Amendment without

conducting an evidentiary hearing on the motion. Petitioner's Fourth Amendment claim is a non-

cognizable issue for which federal habeas relief is not available and his petition will therefore be

summarily denied.

**I.**

Petitioner was arrested with four other individuals by officers from the Michigan State Police

and the Lansing Police Departments in Eaton County, Michigan on March 24, 2008. Petitioner

claims that the four men that were with him were subjected to repeated interrogation by police officers and appears to argue that, as a result of information obtained from these men, the police in Livingston County charged Petitioner with the safe breaking and breaking and entering counts.

Petitioner filed a motion to suppress the evidence of the live witnesses as being the fruit of an illegal arrest. He specifically contended that the arrest warrant used by the Michigan State Police to justify stopping the vehicle he was riding in was defective because it contained conclusory and unsupported allegations, did not indicate who the complainant was who made the allegations, was not signed by the officer who sought the petitioner's arrest, was not made under oath. Petitioner further claimed that the warrant falsely identified him as being on probation, and that the warrant falsely asserted that he had failed to appear at a prior court hearing and had been held in contempt as a result. Petitioner also believed that the clerk of the court had forged the signature of the judge whose name appeared on the warrant. In sum, Petitioner alleges that this information was falsified by members of a crime task force that included prosecutors, his probation agent, and the police. Petitioner requested an evidentiary hearing on his motion to suppress.

On May 14, 2009, Livingston County Circuit Court Judge David J. Reader denied Petitioner's motion to suppress without conducting an evidentiary hearing. Judge Reader concluded that Petitioner's challenge to the arrest warrant was not permitted to be brought with respect to the charges in Livingston County because the challenged arrest warrant had been issued in another county based upon criminal charges involving a collateral issue. Judge Reader further concluded that Petitioner had not made a connection between the traffic stop and the charges pending in Livingston County to warrant conducting an evidentiary hearing. Petitioner contends that Judge Reader erroneously adopted the argument advanced by the prosecutor that a live witness's testimony

-2-

can never be suppressed as the fruit of an illegal arrest.  Petitioner argues that this assertion is contrary to the Supreme Court's holding in *United States v. Ceccolini,* 435 U.S. 268 (1978).

Petitioner subsequently entered a conditional *nolo contendere* plea to the charges, which permitted him to challenge Judge Reader's ruling on his motion to suppress.  Petitioner filed an appeal with the Michigan Court of Appeals, arguing that he had been denied due process of law by the trial court denying his post-trial motion for an evidentiary hearing on his Fourth Amendment illegal arrest claim.  Petitioner's conviction was affirmed on appeal. *People v. Good,* No. 302063 (Mich. Ct. App. Feb. 22, 2011); *lv. den.* 490 Mich. 874 (2011)(Table).

Petitioner now seeks habeas relief arguing that (1) he has a constitutional right to an evidentiary hearing in a contested Fourth Amendment illegal arrest case and (2) that the court's refusal to conduct a full and fair hearing resulted in his motion to suppress evidence being denied on an inadequate record contrary to United States Supreme Court precedents.

## II.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243.   If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See*

*McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit has indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F.3d at 140. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141.

After undertaking the review required by Rule 4, this Court concludes that the petitioner's Fourth Amendment claim is non-cognizable on federal habeas review, such that the petition for writ of habeas corpus must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525-28 (E.D. Mich. 2005).

### III.

Petitioner contends that he is entitled to habeas relief because the Livingston County Circuit Court judge refused to conduct an evidentiary hearing on his motion to suppress evidence he claims was obtained by virtue of his illegal arrest based on a false and defective arrest warrant.

Federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976); *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000). For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). The relevant inquiry is whether a habeas petitioner had an opportunity to litigate his claims,

-4-

not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided. *See Wynne v. Renico*, 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003); *rev'd on other grounds* 606 F.3d 867 (6th Cir. 2010). Indeed, under *Stone*, the correctness of a state court's conclusions regarding a Fourth Amendment claim "is simply irrelevant." *See Brown v. Berghuis*, 638 F. Supp. 2d 795, 812 (E.D. Mich. 2009). "The courts that have considered the matter 'have consistently held that an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the *Stone v. Powell* bar.' " *Id.* (quoting *Gilmore v. Marks*, 799 F.2d 51, 57 (3d Cir. 1986)). Thus, an argument by a habeas petitioner that is "directed solely at the correctness of the state court decision [on a Fourth Amendment claim] 'goes not to the fullness and fairness of his opportunity to litigate the claim[s], but to the correctness of the state court resolution, an issue which *Stone v. Powell* makes irrelevant.' " *Brown*, 638 F. Supp. 2d at 812-13 (quoting *Siripongs v. Calderon*, 35 F.3d 1308, 1321 (9th Cir.1994)).

Petitioner is unable to raise a Fourth Amendment claim that the evidence in this case was the product of an illegal arrest or search when he raised the factual basis for this claim in the state trial and appellate courts, and the state courts thoroughly analyzed the facts and applied the proper constitutional law in rejecting his claim. *Machacek*, 213 F.3d at 952; *Monroe v. Smith*, 197 F. Supp. 2d 753, 766 (E.D. Mich. 2001). Because Petitioner was afforded opportunities to present his case regarding the validity of the search, *Stone* bars his Fourth Amendment claim. *Brown*, 638 F. Supp. 2d at 813.

Petitioner, however, argues that he did not have a full and fair opportunity to litigate his Fourth Amendment claim because the state trial judge refused to conduct an evidentiary hearing with respect to his motion to suppress.

The trial judge's failure to conduct an evidentiary hearing does not mean that the petitioner did not have a full and fair opportunity to litigate his Fourth Amendment claim. In *Moore v. Cowan*, 560 F.2d 1298, 1302 (6th Cir. 1978), the Sixth Circuit rejected a habeas petitioner's claim that he had been unable to fully litigate his Fourth Amendment claim in the state courts when the Kentucky Court of Appeals did not specifically rule on the petitioner's Fourth Amendment claim but simply ruled that the admissible evidence of the petitioner's guilt was overwhelming. In so ruling, the Sixth Circuit held:

> We do not read *Stone v. Powell* as requiring the reviewing court to do more than take cognizance of the constitutional claim and render a decision in light thereof. There is no mandate that in announcing a decision such court fully expound upon such alleged error. Consequently, there is no error in this regard.

> *Id.*

In *Bradley v. Cowan*, 561 F.2d 1213 (6th Cir. 1977), the majority opinion concluded that the trial court's summary denial of the petitioner's suppression motions without an evidentiary hearing failed to satisfy *Stone*'s "full and fair hearing" requirement. *Id.* at 1215-17. The concurring opinions disagreed with the majority conclusion on the *Stone* issue, concluding that under the circumstances, the petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in the state courts even though he had not been afforded an evidentiary hearing because he had been able to raise the issue before trial, at trial, on direct appeal, and by a motion to vacate sentence. *Id.* at 1217-18 (Phillips, J., and Weick, J., concurring).

The Sixth Circuit has clarified, however, that a habeas petitioner's Fourth Amendment claim is barred by the *Stone v Powell* doctrine where the state court had denied the petitioner's motion to suppress evidence without hearing live testimony, implicitly finding that the petitioner had been provided a full and fair opportunity to litigate his Fourth Amendment claim in the state courts by

virtue of the ruling on the motion. *See Jennings v. Rees*, 800 F.2d 72, 74, 76-77 (6th Cir. 1986).

Moreover, the opportunity to litigate encompasses more than an evidentiary hearing in the trial court.  It also includes corrective action available through the appellate process on direct review of the conviction. *See Pulver v. Cunningham*, 419 F. Supp. 1221, 1224 (S.D.N.Y.1976); *see also Lovely v. Jackson*, 337 F. Supp. 2d 969, 976 (E.D. Mich. 2004) (concluding that petitioner's Fourth Amendment claim was not cognizable on habeas review, even though the petitioner did not challenge the legality of his arrest prior to trial and where the petitioner first raised the issue in a post-trial motion and then on direct appeal).  Because all of the material facts were before the state appellate courts on direct review and the appellate process was not otherwise deficient, Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim.  Accordingly, his claim concerning the validity of the arrest warrant in this case is non-cognizable on habeas review. *Pulver,* 419 F. Supp. at 1224.

## IV.

Before the petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003).  In applying that standard, a district court may not

conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

<div align="center">

**V.**

</div>

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus (ECF No. 1) is **SUMMARILY DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED.**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 27, 2012

<div style="border:1px solid black;">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and on Jonathan Good, #197972, Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights, Michigan 49444 by first class U.S. mail on February 27, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS

</div>